(No. 24476.

The Decatur Park District, Appellee, vs. Clara M. Becker *et al.* Appellants.

*Opinion filed April 15, 1938.*

SAM W. GILBERT, and JAMES S. BALDWIN, for appellants.

RALPH J. MONROE, for appellee.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

The Decatur Park District filed its petition in the county court of Macon county to condemn for park purposes two tracts of land belonging to appellants, Clara M. and Ida M. Becker. Motions by appellants to dismiss were overruled. A jury viewed the premises and at the close of the trial returned a verdict for $7300, on which the judgment was entered. The landowners have appealed.

Appellee's petition recited that the district was organized under "An act to provide for the organization of park districts and the transfer of submerged lands to those bordering on navigable bodies of water," approved June 24, 1895, in force July 1, 1895. (Ill. Rev. Stat. 1937, p. 2241.) It stated that the land was to be condemned for "park and playground purposes." Appellants contend that appellee had no power to condemn land for playground purposes. There is no substance to this contention. The powers of the district as set forth in the foregoing act show clearly that the establishment of playgrounds is a park purpose. The words "and playground purposes" were not necessary, and may be treated as surplusage.

Appellants next insist that the allegations of the petition as to the necessity for condemnation, and the proof in support of such allegations, are insufficient. It was alleged that the lands were necessary for the use of the people for the purpose of parks and playgrounds, and the ordinance which directed that the land be acquired also recited that appellee's board of commissioners had found that it was necessary to take such land for park purposes. At the hear-

ing on legal objections appellee offered the ordinance in evidence and rested. Appellants moved to dismiss the petition on the ground no evidence of necessity had been offered, and their motion was overruled. They offered no evidence to support their claim that there was no necessity for condemning their land. The same situation was presented in *Forest Preserve District* v. *Kean,* 298 Ill. 37, where we said, at page 46: "Preliminary to the hearing on the question of value appellee introduced in evidence the ordinance directing that the property be acquired. Over the objections of appellant the court held the proof sufficient to require the parties to proceed to a trial on the question of compensation. From the averments of the petition and the terms of the ordinance it appears the land was sought to be acquired for public use and for no other purpose, and that it was of the character of land appellee was authorized to acquire for such use. Where the question of the necessity for taking the property is raised the petitioner is ordinarily required to make a *prima facie* showing that it has not abused its power in determining it was necessary to acquire the property." We held that the introduction of the ordinance in evidence was sufficient to make a *prima facie* case.

In *County of Fayette* v. *Whitford,* 365 Ill. 229, at page 230, we said: "On a preliminary hearing such as this, the rule is that where the use to which the property is to be put is a public one the courts will not inquire into the question of its necessity, unless there is an apparent abuse of petitioner's discretion."

The legislature delegated to appellee the authority to exercise the power of eminent domain, and it had the right to determine whether there was a necessity for exercising that right. Its decision is conclusive unless a clear abuse of the right is shown. (*Forest Preserve District* v. *Chicago Title and Trust Co.* 351 Ill. 48, 51.) Our decision in *City of Mound City* v. *Mason,* 262 Ill. 392, is inconsistent with our later holdings as to the requirements of a petition for con-

demnation and has not been adhered to. See, also, *South Park Comrs.* v. *Livingston,* 344 Ill. 368, 371, and *Village of Depue* v. *Banschbach,* 273 id. 574, 579. The case of *City of Chicago* v. *Lehman,* 262 Ill. 468, holds that the burden of proving, *"prima facie,* at least" is upon the petitioner, but in that case the petitioner rested after introducing in evidence a report of a committee of the board of education showing that it had been unable to agree with the defendant on the compensation, and a recommendation that the title be acquired under the Eminent Domain law, and evidence showing that the report and recommendation had been adopted by the board of education. We held this was not a sufficient *prima facie* showing of necessity. That case is distinguishable from the present, for here the ordinance showed that the appellee had exercised its discretion and determined that a necessity existed. Appellants offered no evidence tending to overcome the *prima facie* case or to show that the appellee had abused its discretion. The court properly refused to dismiss the petition on this ground.

Appellants complain that the enabling ordinance was insufficient. They insist that the ordinance should have stated that the lands sought to be taken are suitable for park and playground purposes, and that a park had been created and established to be composed of the lands in question. They rely on *Village of Depue* v. *Banschbach, supra,* where the ordinance involved was held to be sufficient. The ordinance here is entitled, "An ordinance providing for the condemnation of certain lands in the city of Decatur, Illinois, for park and playground purposes." Section 1 states that the board of commissioners found it necessary to take, for park and playground purposes, the lands described, belonging to appellants. Section 2 directed the attorney for the park district to make an offer to the appellants to purchase the lands for $5000. If the offers were not accepted, he was directed, by section 3, to institute this suit. The ordinance was sufficient. If the lands were unsuitable for park purposes, or

if they were located outside the district, appellants could have made that appear at the trial.

Appellants, individually and as taxpayers, urge that the property proposed to be taken was not properly described in the enabling ordinance, because it failed to except a thirty-foot strip, on the north side of tract one, which is the south half of Grand avenue. The description in the ordinance and petition referred to a plat and was the same description by which appellants acquired title to and mortgaged the property. It is conceded that the quarter-section line is along the center line of Grand avenue, but appellee contends that the land proposed to be taken adjoins the south line of Grand avenue, instead of extending to the center line. Appellants contend that this thirty-foot strip of land lying in Grand avenue is part of the land described and proposed to be taken. To prove their claim they called S. D Ferris, a surveyor. He testified that the plat did not show any monuments, and it was his conclusion that the north line of the lots coincided with the quarter-section line; but he stated that if he had begun his survey by measuring from the south line of the half-section and proceeding north, he would have established the line of the land in question to be at the south line of Grand avenue, as contended by appellee. He thus assumed the very question in issue,— i. e., that the north line of the lots was in the center of Grand avenue. It was stipulated that petitioner's exhibit 12, a blueprint, was the correct survey or map of the lands in question, and that it contained 6.63 acres. This blueprint shows the north line of the land to be taken was the south line of Grand avenue. The proof fails to show that appellee is seeking to condemn land already devoted to a public use, and appellee amended its petition so as to except this thirty-foot strip. It makes no difference to appellants whether appellee seeks to condemn land already dedicated to a public use, assuming that appellee is seeking to do that. Whether or not the street was subject to condemnation, appellants'

property was, and they have no cause for complaint. The city will not be affected by this proceeding, since it is not a party, and will lose no rights thereby. *Dowie* v. *Chicago, Waukegan and North Shore Railway Co.* 214 Ill. 49, 52; *Western Springs Park District* v. *Lawrence,* 343 id. 302, 304.

It is next insisted that the zoning ordinance of the city of Decatur prohibits petitioner from taking these tracts for park purposes, because they were zoned as "A" residence property, and public parks could not be located there. No authority is cited to support this contention, and on principle it cannot be sustained. If appellants' contention is correct, it would be necessary for the appellee to locate its city parks and playgrounds in commercial and industrial zones exclusively. The appellee is given authority to locate parks, and the city is given authority to adopt a zoning ordinance. The legislature did not empower cities to exclude parks from residence districts. The two statutes should be construed so that the ordinance of the park district and the zoning ordinance of the city will be given effect in their respective fields of operation. Regardless of the fact that this property was zoned as "A" residence property, the park district could condemn and use it for park purposes.

Appellants contend the court erred in sustaining appellee's objection to the testimony of S. H. Tolley as to the fair cash market value of the property for the highest and best use to which it could be put. He had stated that the land was best adapted for park and playground purposes. Appellants offered to prove by him that for that purpose the lands were worth $10,000, but he testified that for subdivision purposes the lands were also worth $10,000.

The value of the land taken to the party taking it is not the test of what should be paid. If, however, entirely apart from the fact that the property was taken for a particular use, it appears that it was exceptionally adapted and available for such use, and the necessity for such use was so imminent as to add something to the present value in the

minds of possible buyers, that element may be considered in determining the fair cash market value. (10 R. C. L. 131.) In *United States* v. *Chandler-Dunbar Water Power Co.* 229 U. S. 53, 75, 77, 57 L. ed. 1063, 1080, 1081, the United States Supreme Court held that the inclusion in the award of $25,000 because of the condemned land's adaptability for canal and lock purposes, was proper. The Federal government had condemned the land for a canal and locks. See, also, *Mississippi and Rum River Boom Co.* v. *Patterson,* 98 U. S. 403, 408, 25 L. ed. 206, 208, and *Shoemaker* v. *United States,* 147 U. S. 282, 37 L. ed. 170. In *Illinois Light and Power Co.* v. *Bedard,* 343 Ill. 618, appellant sought to condemn 70 acres of land for a hydro-electric power project along the Kankakee river within 1200 feet of the city limits of Kankakee. The land was part of a 150-acre tract of rolling pasture, partly wooded, and sloping gently to the river. We held it was proper to receive testimony that the land was best adapted for use as a daily fee golf course; that the property had been sought for a golf course; that, prior to the institution of the condemnation suit, 2000 citizens of Kankakee had petitioned the park district to acquire sufficient land for a municipal golf course, and that members of the park board had talked to the owner about purchasing it. The fact that the condemnor in that case was a power company instead of the park district can make no difference. If the highest and best use was for a park, the owner was entitled to its value for that use, regardless of who was seeking to condemn the land. Appellee relies on *Village of Oak Park* v. *Hulbert,* 307 Ill. 270, where we held that testimony based upon the value of land for alley purposes, and upon the benefits of the alley to the adjoining lots was improper, because it was based on the benefit the property would be to the condemnor and to the adjoining property owners, instead of its fair cash market value. That case is not in point. Although the excluded testimony should have been received, no prejudice resulted

because this witness testified the property was worth the same amount for subdivision purposes.

Appellants cite *Forest Preserve District* v. *Dearlove,* 337 Ill. 555, in support of their contention that it was error to limit them in showing that their witnesses as to value were acquainted with the history and development of the city of Decatur. They insist that the jury might have given greater weight to the testimony of these men had they been permitted to show, at length, all that they knew concerning the city. The court did not abuse its discretion in sustaining objections to these questions, and appellants were permitted to show that their witnesses were qualified to give an opinion as to the value of the land sought to be taken.

Appellants next contend that the verdict was contrary to the weight of the evidence. All of the witnesses stated that the highest and best use to which the property was adapted was for subdivision purposes. Appellants called ten witnesses and appellee four. Of the ten witnesses called by appellants, five fixed the value at $10,000 and one at $9500. The highest valution testified to was $14,000, except that appellant Clara Becker thought the property was worth $20,000. Appellee's witnesses varied from $5000 to $5635 and the jury brought in a verdict for $7300. This was well within the range of the testimony, and as the jury viewed the premises and had the opportunity, which is denied us, of seeing and hearing the witnesses as they testified, the verdict will not be disturbed. It was clearly not the result of mistake or of passion and prejudice. *Public Service Co.* v. *Leatherbee,* 311 Ill. 505; *City of Chicago* v. *Chicago Title and Trust Co.* 331 id. 322.

Complaint is made as to the first four instructions which were given but not marked so, to four that were given at appellee's request and to four of appellants' instructions which were refused. We have examined these given and refused instructions and find no error in the court's rulings. As to the four instructions which were not marked, we held

450

in *People* v. *Lawson,* 328 Ill. 602, that where it appeared that the instructions were, in fact, given, no prejudice resulted from the failure to mark them as given.

The record is substantially free from error, and the judgment is affirmed.                    *Judgment affirmed.*