(No. 38250.—

KENNETH W. HEFT *et al.*, Appellants, *vs.* THE ZONING BOARD OF APPEALS OF PEORIA COUNTY *et al.*, Appellees.

*Opinion filed September 29, 1964.*

ARTHUR G. GREENBERG, of Peoria, for appellants.

THOMAS W. KEHR, of Chillicothe, JAMES V. CUNNING-HAM, of Peoria, and BYRON S. MATTHEWS and THOMAS A. MATTHEWS, both of Chicago, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The Greater Chillicothe Sanitary District of Peoria County filed with the Peoria County zoning department a request for a building permit to construct on a certain parcel of land a sewage disposal plant. This was denied. Thereafter, a petition was filed with the Zoning Board of Appeals of Peoria County for a variation in use of the subject property for such purpose. The plant was to consist of an administration building, parking facilities, a clarifier, a digester and five open sludge drying beds with other necessary appurtenances. The north half of the property was zoned "C" residential, and the south half "E" light industrial, neither of which zones permitted a sewage disposal plant. Plaintiffs are owners of land adjacent to the property for which the variation was sought and they appeared as objectors to the petition. The Zoning Board of Appeals heard extensive evidence and granted the variation. Thereafter, a building permit was issued on March 13, 1963. No objectors appealed from the order issuing the building permit. No stay of proceedings was requested as provided in the county zoning ordinance. On April 15, 1963, plaintiffs filed a complaint for administrative review in the circuit court of Peoria County praying that the decision of the Zoning Board of Appeals be set aside, reversed and nullified. The circuit court affirmed the decision of the Zoning Board of Appeals. The Sanitary District constructed the plant and at the time of this appeal the plant was near completion.

This appeal was taken by plaintiffs to reverse the judgment of the circuit court, the plaintiffs contending (1) that the part of the statute authorizing county zoning regulations to confer upon the Board of Appeals authority to vary or modify the zoning ordinance where there are practical difficulties or particular hardships in carrying out the strict letter as to use is an unconstitutional delegation of legislative authority, since no standard is set forth for determining what are practical difficulties or particular hardships (Ill. Rev. Stat. 1963, chap. 34, pars. 3154-3157); (2) that section 16.1 of article 16 of the Peoria County zoning ordinance, based on said statute, is illegal, void and unconstitutional and does not delegate to the Zoning Board of Appeals the right to change the use of land; and (3) that the findings of the Zoning Board are arbitrary, unsupported by evidence, amount to a denial of due process, and are contrary to public policy.

The Illinois law originally provided that the zoning board of appeals should be authorized to grant variations. In *Welton v. Hamilton,* 344 Ill. 82, this statute was held to be unconstitutional as being an unconstitutional delegation of legislative power to the board of appeals in a case where the fact that the owner of the property could make more money ·by disregarding zoning regulations was held not a "difficulty" or "hardship" sufficient to permit a variation. In that case, the board granted permission to build an apartment building to a height of 214 feet in a district where the maximum height permitted by the zoning ordinance was 72 feet. The action of the Board was a clear abuse of discretion and was not based on any finding of fact. Thereafter, the statute was amended by authorizing a variation by ordinance after a hearing before a board of appeals or a variation by the board of appeals in accordance with general or specific rules therein contained in cases where there are practical difficulties or particular hardships in the way of carrying out the strict letter of the regulations relating

to the use, construction or alteration of buildings or structures or the use of the land. In each case a public hearing is required and the body must make a finding of fact specifying the reason for making the variation. Since this amendment, the constitutionality of the provision authorizing granting of variations has not been challenged in this court. The statute authorizing zoning boards of appeals of cities to grant variations is substantially similar to the statute governing zoning boards of appeals of counties to grant variations.

Subsequent to the decision in *Welton* v. *Hamilton,* and the amendment of the statute, this court has at numerous times recognized that variations as to use of property may be granted where supported by findings of fact. Thus, in *Downey* v. *Grimshaw,* 410 Ill. 21, where the ordinance provided that variations be granted by the village board, a variation was granted and upheld. Variations by boards of appeals have been upheld in many cases, of which a few are *Bank of Lyons* v. *Cook County,* 13 Ill.2d 493, *Sinclair Pipe Line Co.* v. *Village of Richton Park,* 19 Ill.2d 370, and *Fox* v. *City of Springfield,* 10 Ill.2d 198. Variations have been upheld to permit an office building, *Downey* v. *Grimshaw,* and a water plant, *Baird* v. *Board of Zoning Appeals,* 347 Ill. App. 158, in areas zoned residential. The statute permits variation where practical difficulties or particular hardships are present in carrying out the strict letter of the zoning ordinance and requires findings of fact. These are sufficient guides to authorize the administrative body to act. The particular facts of the case determine whether it is a proper subject of variation. In *Illinois Bell Telephone Co.* v. *Fox,* 402 Ill. 617, a telephone exchange was permitted in a residential district; in *Baird* v. *Board of Zoning Appeals,* 347 Ill. App. 158, a privately owned water plant was approved. Construction of a sewage disposal plant, necessary for the protection of public health, as a governmental function, is a much more important object.

If the statute authorizing variations is constitutional as we here hold that it is, the portions of the Peoria County zoning ordinance as to variation based on that statute likewise are valid. This ordinance specifically authorized the Zoning Board of Appeals to grant variations.

The decision of the County Zoning Board of Appeals granting the variation made 16 findings of fact. These included that the proposed use would cause no harm to neighboring property, would cause no health hazard and was necessary for protection of the public health in the area. Failure to permit the proposed use would result in practical difficulties and particular hardship. The evidence showed that the proposed site was the only available one for a gravity-flow type system and that such a system would operate when the electric power goes off while other systems would not. Witnesses familiar with this type of plant testified no objectionable odor would be noticeable beyond the plant site when the plant is properly operated. Kenneth Mills, a banker and officer in a savings and loan association, testified the location of the plant would have no harmful effect upon neighboring properties and would increase the value of such properties for commercial purposes. It might here be noted that under the present zoning some of the adjacent property is zoned for light industrial purposes. One of plaintiffs' witnesses testified that construction of the plant would depreciate some of plaintiffs' property 10% and that the highest and best use for such adjacent property was for residential purposes. Nevertheless, it appears that the evidence that this proposed plant is needed for the public welfare, will not be objectionable, and is the only available site, is clear and uncontradicted. A careful analysis of the evidence makes it clear that the facts before the Board of Appeals fully warranted the granting of the variation.

On administrative review the issue is not whether the court approves the action taken by the administrative body but whether there was substantial evidence to support the

decision. The circuit court found ample evidence to support the decision. The record fully sustains this determination. The decision to grant the variation was amply supported by the evidence.

We come now to the contention of the Sanitary District that the statute under which it is organized authorized it to establish a needed disposal system and that no other governmental unit can interfere with the exercise of that authority so that it need not comply with zoning regulations. We have never so held. This would result in an impossible as well as an undesirable situation. As we said in *Decatur Park District* v. *Becker,* 368 Ill. 442, in discussing a similar contention with reference to establishment of a park in a residentially zoned area: "The two statutes should be construed so that the ordinance of the .park district and the zoning ordinance of the city will be given effect in their respective fields of operation." While we there held that the park district might condemn the area for park purposes, the city zoning ordinance's effectiveness was recognized. We are of the opinion that the Sanitary District was required to comply with the provisions of the zoning ordinance and follow its procedures in varying the use of the property from its zoned classification. This the district did. It ought not be permitted to contend that its action never was necessary in justifying the use of the area it now seeks. The zoning statutes applied even to the Sanitary District's proposed use.

It is contended also that the issues herein have been rendered moot by the action of the Sanitary District in obtaining a permit to construct the plant and the failure of plaintiffs to appeal from such permit or to obtain a stay order as is provided by the county zoning ordinance. We cannot agree with this contention since, if this were the case, the remedy of administrative review of a decision of the Zoning Board of Appeals would be rendered wholly ineffective. Moreover, in our view of the case, the Zoning Board properly granted the variation as the trial court held,

272

thus rendering unnecessary further consideration of this contention.

For the reasons aforesaid, the judgment of the circuit court of Peoria County must be affirmed.

*Judgment affirmed.*