City of Des Plaines, a Municipal Corporation, Plaintiff-Appellee, v. Metropolitan Sanitary District of Greater Chicago, a Municipal Corporation, Defendant-Appellant.

Gen. No. 54,029.

First District, Fourth Division.

May 13, 1970.

Rehearing denied June 22, 1970.

Allen S. Lavin, of Chicago (Vincent P. Flood and Fred F. Herzog, of counsel), for appellant.

Robert J. Di Leonardi, of Des Plaines, for appellee.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

Defendant, Metropolitan Sanitary District of Greater Chicago, appeals from the judgment entered in favor of plaintiff, City of Des Plaines, declaring the zoning ordinance of the city to be applicable to defendant's property and enjoining defendant from constructing a water reclamation plant (sewage treatment) on said property in violation of the city's zoning ordinance.

On July 29, 1966, defendant enacted an ordinance authorizing negotiation for the purchase of 103 acres of real estate located in the City of Des Plaines for the purpose of construction of a water reclamation plant. The real estate, as situated, was and continues to be zoned M-1 Restricted Manufacturing District under the City of Des Plaines Zoning Ordinance of 1960, as amended, in which zoning classification the proposed use is not included.

On or prior to September 27, 1966, the date of defendant's purchase of the property, plaintiff notified defendant of the zoning classification of the property and its restriction as to defendant's proposed use. Defendant, however, in reply, declared its intention to proceed with the proposed use without application to the City of Des Plaines for a variation. The purchase of the property

was then consummated and a design report prepared for construction of a water reclamation plant.

Plaintiff then filed a complaint in the Circuit Court on November 4, 1966, for declaratory judgment as to the applicability of the city's zoning ordinance to defendant's property and for an injunction against violation of the ordinance. The trial court granted judgment for plaintiff and issued the injunction. Defendant appeals.

OPINION

Defendant contends that the zoning ordinances of a municipality are not applicable against another municipality exercising its governmental function and that therefore, the trial court erred in granting judgment for plaintiff. Defendant's argument in this regard is based primarily on the decisions in Decatur Park Dist. v. Becker, 368 Ill 442, 14 NE2d 490 (1938) and Village of Schiller Park v. City of Chicago, 26 Ill2d 278, 186 NE 2d 343 (1962).

In the Decatur case the park district sought condemnation of certain property for park purposes. The trial court denied the landowners' motion to dismiss and they appealed contending the proposed park was not a permitted use under the zoning ordinance which classified the property "A" residence property. The court stated at page 447:

"No authority is cited to support this (the landowners) contention, and on principle it cannot be sustained. If appellants' contention is correct, it would be necessary for the appellee to locate its city parks and playgrounds in commercial and industrial zones exclusively. The appellee is given authority to locate parks, and the city is given authority to adopt a zoning ordinance. The legislature did not empower cities to exclude parks from residence districts. *The two statutes should be construed so that the ordi-*

*nance of the park district and the zoning ordinance of the city will be given effect in their respective fields of operation.* Regardless of the fact that this property was zoned "A" residence property, the park district could condemn and use it for park purposes." (Emphasis supplied.)

In the Schiller Park case the Village of Schiller Park brought suit to enjoin the City of Chicago from condemning property located within the limits of the village for airport purposes (O'Hare). After dismissal of the suit, the village on appeal contended that since the statute authorizing the acquisition of property for public airports failed to provide for certain consequences of condemnation of property in incorporated areas, such as violation of zoning restrictions, an intention was evinced by the legislature to limit the exercise of the power to non-incorporated areas. The court answered this contention by stating at page 281:

> "The argument as to interference with zoning restrictions would be applicable as well to county zoning, and it is undisputed that the power in question may be exercised in unincorporated territory outside the municipality. The possibility of conflict with local zoning regulations does not indicate a legislative intent to withhold the power."

In Heft v. Zoning Board of Appeals of Peoria County, 31 Ill2d 266, 201 NE2d 364 (1964) the Supreme Court of Illinois was again confronted with the effect of zoning restrictions upon land acquired by another municipality. The Greater Chillocothe Sanitary District petitioned the zoning department of Peoria County to obtain a building permit for a sewage disposal plant. After being denied the permit, the Sanitary District appealed to the Zoning Board of Appeals for a variation which was allowed. The appellants (adjacent landowners) then filed

an administrative review action in the Circuit Court which affirmed the action of the Zoning Board of Appeals. On appeal the Sanitary District contended:

> ". . . the statute under which it is organized authorized it to establish a needed disposal system and that no other governmental unit can interfere with the exercise of that authority so that it need not comply with zoning regulations."

As to this contention, the court stated at page 271:

> "We have never so held. This would result in an impossible as well as an undesirable situation. As we said in Decatur Park District v. Becker, 368 Ill 442, in discussing a similar contention with reference to establishment of a park in a residentially zoned area: 'The two statutes should be construed so that the ordinance of the park district and the zoning ordinance of the city will be given effect in their respective fields of operation.' While we there held that the park district might condemn the area for park purposes, the city zoning ordinance's effectiveness was recognized. *We are of the opinion that the Sanitary District was required to comply with the provisions of the zoning ordinance and follow its procedures in varying the use of the property from its zoned classification.* This the district did. It ought not be permitted to contend that its action never was necessary in justifying the use of the area it now seeks. *The zoning statutes applied even to the Sanitary District's proposed use.* (Emphasis supplied.)

Defendant contends that the language of the Heft case is dicta stating, "Once the Supreme Court had decided to affirm the lower court and the Zoning Board of Appeals in an administrative review case, any other state-

ment or decision by the court was superfluous." Defendant also points out that Greater Chillocothe Sanitary District had already voluntarily submitted itself to the jurisdiction of the Zoning Board of Appeals and had not contested its power to act until review by the Supreme Court.

In Larson v. Johnson, 1 Ill App2d 36, 116 NE2d 187 (1953) the court stated at page 40:

"When a court has before it various grounds urged for reversal and it decides that a certain number are valid, it does not follow that because the first ground would have been sufficient for reversal, the other grounds do not deserve equal recognition as the basis for the court's judgment. Whether a legal proposition stated in an opinion is obiter dictum is to be determined from a reading of the entire opinion. If the opinion expressed on a legal question is one casually reached by the court on an issue unrelated to the essence of the controversy or based on hypothetical facts, then it is obiter dictum. If, however, the question involved is one of a number of legal issues presented by the facts of that particular case, the court's decision on that question is not dictum even though it be the last ground of many decided by the court, all in support of its final conclusion. (Goodhart, 40 YLJ 161, 180). It is often stated that all except that which is necessary to the decision of a case is obiter dictum. This is misleading, for nothing but the bare finding of the court is absolutely necessary to its decision as between the parties. For the purpose of legal precedent, we must look to all the issues presented by the facts of the case and to the legal principles applied by the court in the final determination of those issues. Our Supreme Court has made a distinction between judicial dictum and obiter dictum, meaning that a legal principle

deliberately passed upon by a court establishes a precedent. Scovill Mfg. Co. v. Cassidy, 275 Ill 462, 470."

The language in the Heft case, supra, can hardly be referred to as being either casually reached or based on a hypothetical set of facts. The central controversy in the case was the authority and propriety of the action of the Zoning Board of Appeals in granting a variation. The applicability of the zoning ordinance to the property of the Greater Chillocothe Sanitary District was a valid legal issue directly related to the controversy and was so deemed by the Supreme Court when it deliberately passed upon it.

██ Once the Supreme Court rules on an issue based upon the facts of the case, it is not the province of the Appellate Court to ignore the Supreme Court's decision. Therefore, the language of the Heft case pertaining to the applicability of the municipality's zoning ordinance, being based upon the facts presented in the case, is binding legal precedent.

Defendant next contends that as a matter of statutory construction, the City of Des Plaines lacks the requisite power to regulate the property of another municipality. Defendant relies on the City of Des Plaines v. Trottner, 34 Ill2d 432, 216 NE2d 116 (1966) wherein the court held that general grant of zoning power to the City of Des Plaines did not authorize it to define "family" where to do so penetrates deeply into the internal composition of the household. The defendant maintains that the case is applicable since the general statutory grant of zoning power also precludes regulation of another municipality's property absent a specific grant of that power.

██ However, the Supreme Court of Illinois has ruled in both the Decatur and Heft cases, supra, that the zoning ordinance should be construed along with that of the other municipality to give effect to both in their respec-

tive fields of operation. Since the Des Plaines Zoning Ordinance provides for special uses and variation,* the defendant cannot contend that the two grants of power are hopelessly in direct conflict.

Plaintiff points out that if the proposed construction is, as it is represented to be in the deposition of its Superintendent, in its pleadings, oral arguments, written motions and briefs, the defendant should have no difficulty in meeting the standards set forth in that defendant need only show sufficient evidence that reasonable minimum standards will be met to obtain a permit. The plaintiff also states that it is the City's duty to enforce the standards of the ordinance where the use is unique, and it is the fulfillment of this duty which prompted the City to file this cause and it did not do so for purposes of harassment.

Therefore, we see no reason why the two grants of power cannot be implemented within the dictates of Decatur and Heft, supra.

The Circuit Court was correct in entering judgment for plaintiff and therefore, the judgment is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.

---

* Sections 9K (Special Uses) and 9E (Variations) of the ordinance appear to authorize departure from basic zoning when the proposed use is affected with the public interest or constitutes a proper "governmental use."