(No. 43367.—

THE CITY OF DES PLAINES, Appellee, *vs.* METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO, Appellant.

*Opinion filed January 25, 1971.—Rehearing denied March 31, 1971.*

GOLDENHERSH, J., and UNDERWOOD, C.J., dissenting.

ALLEN S. LAVIN, of Chicago, (VINCENT P. FLOOD and FRED F. HERZOG, of counsel,) for appellant.

ROBERT J. DiLEONARDI, of Des Plaines, for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On July 29, 1966, the Board of Trustees of the Metropolitan Sanitary District of Greater Chicago passed an ordinance authorizing the purchase of a site of land located in the City of Des Plaines for the purpose of construction of a water reclamation plant. Plaintiff, City of Des Plaines, notified the defendant, Metropolitan Sanitary District, on or prior to the date of purchase of the site, of the zoning classification of the property and its restriction as to defendant's proposed use. Defendant declared its intention to proceed with the proposed use without application to the City of Des Plaines for a variation. The purchase of the property was then consummated and a design report prepared for construction of a water reclamation plant.

Plaintiff filed a complaint in the circuit court on November 4, 1966, for declaratory judgment as to the applicability of the city's zoning ordinance to defendant's property and for an injunction against violation of its zoning ordinance. The trial court granted judgment for plaintiff and issued the injunction. The Appellate Court, First District, affirmed (124 Ill. App. 2d 301), and granted defendant's motion for a certificate of importance to this court.

The only question before this court is whether plaintiff's zoning ordinance is applicable to defendant's power of eminent domain. Plaintiff contends that *Heft* v. *Zoning Board of Appeals,* 31 Ill.2d 266, and *Decatur Park District* v. *Becker,* 368 Ill. 442, are dispositive of the question. In

*Decatur* the court held that, while the zoning ordinance is given effect in its field of operation, the Decatur Park District could condemn property for park purposes notwithstanding the fact the purpose was not included in the zoning restrictions. The court stated: "It is next insisted that the zoning ordinance of the city of Decatur prohibits petitioner from taking these tracts for park purposes, because they were zoned as 'A' residence property, and public parks could not be located there. No authority is cited to support this contention, and on principle it cannot be sustained. If appellants' contention is correct, it would be necessary for the appellee to locate its city parks and playgrounds in commercial and industrial zones exclusively. The appellee is given authority to locate parks, and the city is given authority to adopt a zoning ordinance. The legislature did not empower cities to exclude parks from residence districts. The two statutes should be construed so that the ordinance of the park district and the zoning ordinance of the city will be given effect in their respective fields of operation. Regardless of the fact that this property was zoned as 'A' residence property, the park district could condemn and use it for park purposes." 368 Ill. at 447.

In *Village of Schiller Park* v. *City of Chicago,* 26 Ill.2d 278, the court found that the City of Chicago could condemn property in the Village of Schiller Park pursuant to legislative authorization. In response to the argument that since the statute authorizing the acquisition of property for public airports failed to provide for certain consequences of condemnation of property in incorporated areas, such as violation of zoning restrictions, an intention was evinced by the legislature to limit the exercise of the power to nonincorporated areas, the court stated: "The argument as to interference with zoning restrictions would be applicable as well to county zoning, and it is undisputed that the power in question may be exercised in unincorporated territory outside the municipality. The possibility of conflict with

local zoning regulations does not indicate a legislative intent to withhold the power." 26 Ill.2d at 281.

Section 8 of the Chicago Sanitary District Act (Ill. Rev. Stat. 1967, ch. 42, par. 327) provides that the sanitary district may acquire "* * * by condemnation within its corporate limits, any and all real and personal property, right of way and privilege that may be required for its corporate purposes." The statute clearly authorized the taking of the property in question in the City of Des Plaines. To find that the condemnation power of the district is subject to the restrictions of local municipal zoning ordinances would be to relegate the authority of the district to that of a private land owner, and would thereby frustrate the purpose of the statute. If the district is exercising power within the statutory grant, such exercise is not subject to zoning restrictions imposed by the host municipality. However, as stated by the court in *Schiller Park* "* * * as is the case with other aspects of the eminent domain power, the courts will afford protection against any abuse thereof." (26 Ill.2d at 282.) Injunctive relief would be available where an exercise of power exceeds the statutory grant. Here it is not contended that there has been an abuse of power.

In the *Heft* case, which plaintiff argues is controlling, the court found, over objections by adjacent property owners, that a statute and a county ordinance allowing variations in zoning restrictions were constitutional and affirmed the decision of the Zoning Board of Appeals allowing the variation. The court went on to state: "We come now to the contention of the Sanitary District that the statute under which it is organized authorized it to establish a needed disposal system and that no other governmental unit can interfere with the exercise of that authority so that it need not comply with zoning regulations. We have never so held. This would result in an impossible as well as an undesirable situation." (31 Ill.2d at 271.) The court at this point had

decided the issues before it so that the language in question is gratuitous. The question of whether the sanitary district should have been subject to the zoning ordinance of Peoria County was not a proper issue before the court because the district had already submitted itself to the jurisdiction of the Zoning Board of Appeals. Therefore, insofar as the language in question controverts the finding of this court, it is not controlling.

The position taken here is in accord with that of many other jurisdictions. *Howard* v. *City of Atlanta,* 190 Ga. 730, 10 S.E.2d 190; *City of Scottsdale* v. *Municipal Court of City of Tempe,* 90 Ariz. 393, 368 P.2d 637; *State of Missouri ex rel. Askew* v. *Kopp and City of Raytown* (Mo. 1960), 330 S.W.2d 882; *Kedroff* v. *Town of Springfield* (Vt. 1969), 256 A. 2d 457.

For the foregoing reasons the judgment of the Appellate Court, First District, is reversed and the cause is remanded to the circuit court with directions to dismiss the complaint.
*Reversed and remanded, with directions.*

Mr. JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent from the majority opinion and would affirm the judgment. The effect of this decision is to confer upon the Sanitary District plenary authority to exercise its powers of eminent domain in total disregard of the zoning ordinances of the City of Des Plaines. This bestowal of authority upon one municipal corporation superior to that of another, when, as here, the powers of each depend upon enactments of the General Assembly, appears to me to be without justification. The language quoted from *Schiller Park* to the effect that the courts will afford protection against abuse of the power offers little comfort, for neither in *Schiller Park,* nor in this opinion, does the court indicate in what manner the protection will be provided, nor the nature of the action which must be brought to obtain it.

In my view of the case these municipal corporations are equal in status, and effect should be given to their respective powers with respect to eminent domain and zoning. Concededly the Des Plaines zoning ordinance makes provision for "Special Uses" and "Variations" in proper cases, and judicial review of the host municipality's action on an application for a requested classification would provide the protection against abuse to which the opinion refers.

Mr. CHIEF JUSTICE UNDERWOOD joins in this dissent.