KATHRYN O'CONNOR *et al.*, Plaintiffs-Appellants (THE COUNTY OF WINNEBAGO, Intervening Plaintiff-Appellant) *v.* THE CITY OF ROCKFORD *et al.*, Defendants-Appellees—THE CITY OF ROCKFORD *et al.*, Plaintiff-Appellants, *v.* THE COUNTY OF WINNEBAGO, Defendant-Appellee (KATHRYN O'CONNOR *et al.*, Intervening Petitioners-Appellees.)

(Nos. 71-124, 71-78 cons.;

Second District—January 21, 1972.

*Rehearing denied February 23, 1972.*

Maynard & Brassfield, of Rockford, for O'Connor.

Philip G. Reinhard, State's Attorney, of Rockford, (Alfred W. Cowan, Special Assistant State's Attorney, of counsel,) for County of Winnebago.

William E. Collins, Legal Director, A. Curtis Washburn, Assistant City Attorney and John W. Nielson, all of Rockford, for City of Rockford.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

We are to determine whether the City of Rockford is subject to the provisions of the Winnebago County Zoning Ordinance when locating a sanitary land fill in the unincorporated area of Winnebago County, pursuant to statutory authority.

Ill. Rev. Stat. 1969, ch. 24, par. 11—19—10, provides that "Every city, village, and incorporated town may acquire by purchase, gift or condemnation any real property within or without the corporate limits of such city, village or incorporated town for the purpose of providing facilities for the disposal of garbage, refuse and ashes." Pursuant to this authority, the City of Rockford purchased the property in question for the purpose of constructing a sanitary land fill upon it. Under the Winnebago County Zoning Ordinance, this land is zoned as an agricultural district with certain uses, including sanitary land fills, placed in a residual category of conditionally permitted uses which may be allowed upon a finding, among other things, that the proposed use is compatible with the existing or planned future development of the area. The plaintiffs, who are adjacent landowners, filed suit asking that the defendants be restrained from using the premises as a land fill until compliance with applicable zoning laws, and Winnebago County intervened. Summary judgment was entered for the plaintiffs and intervening petitioner, and the defendants were permanently enjoined from operating a land fill on the premises unless they compiled with the Winnebago County Zoning Ordinance. The City of Rockford filed a Notice of Appeal, failed to perfect it, and the appeal was dismissed. The City also filed a petition to rezone the premises for a land fill site as a conditionally permitted use in the agricultural district under the County Zoning Ordinance. The petition was denied. The denial is the subject of an appeal which is presently under advisement in the related case of *City of Rockford, et al. v. Winnebago County, et al.,* No. 71-78. The City then filed a petition to dissolve the injunction on the basis that the Supreme Court, in *City of Des Plaines v. Sanitary Dist.* (1971), 48 Ill.2d 11, held that a governmental body exercising a statutory grant of power is not subject to the zoning restrictions of other governmental agencies. The trial judge granted the petition, and it is from this order that the plaintiffs and intervening petitioner appeal.

The question whether the statute empowering municipalities to acquire land outside their corporate limits for the disposal of refuse supersedes the zoning powers conferred on counties by the County Zoning Act can only be answered by ascertaining the intent of the Legislature in granting such power. The County Zoning Act, Ill. Rev. Stat. 1969, ch. 34, pars. 3151—3162, confers upon counties the power to regulate and restrict the location and use of buildings, structures and land "for the purpose of promoting the public health, safety, morals, comfort and general welfare, conserving the values of property throughout the count  *  *  *."

■■ A review of the statutory sources of power of the two governmental units in the light of the decided cases leads to the conclusion that the City of Rockford is not here subject to the Zoning Ordinances of Winnebago County. In *City of Des Plaines v. Sanitary Dist., supra,* the question was whether a city zoning ordinance was applicable to the defendant's attempt to locate a water reclamation plant in Des Plaines pursuant to a statute granting to defendant the power to acquire "by condemnation within its corporate limits, any and all real personal property, right of way and privilege that may be required for its corporate purposes." The court held that the defendant's exercise of the power of eminent domain pursuant to statutory grant was not subject to the city's zoning ordinance, since an opposite finding would "regulate the authority of the district to that of a private landowner, and would thereby frustrate the purpose of the statute." Plaintiffs have sought to distinguish the *Des Plaines* case on the basis that the Chicago Sanitary District was exercising concurrent jurisdiction with the city in the area whereas here the acquisition was outside the corporate limits. The language of the majority opinion in *Des Plaines* does not lend itself to that limitation. Moreover, the opinion in *Des Plaines* relies upon *Vil. Schiller Park v. City of Chicago* (1962), 26 Ill.2d 278, a case which did involve extraterritorial jurisdiction. *Schiller Park,* plaintiff sued to restrain the City of Chicago from condemning, for airport purposes, certain land located outside of Chicago within the limits of the Village of Schiller Park. The statute under which the City of Chicago acted was almost identical in language to that involved here. It empowered every municipality with a population of 500,000 or more to establish and maintain public airports upon "any land either within or outside the corporate limits of the municipality." (Ill. Rev. Stat. 1961, ch. 24, par. 11—102—1.) It further provided that land for such purposes could be acquired by "gift, grant, lease, purchase, condemnation or otherwise". (Ill. Rev. Stat. 1961, ch. 24, par. 11—102—4.) The court held that the statute authorized condemnation by Chicago within the territorial limits of Schiller Park, and answered Schiller Park's argument that this would result in a violation of applicable zoning laws by saying, "The

possibility of conflict with local zoning regulations does not indicate a legislative intent to withhold the power." 26 Ill.2d at 282.

The rule that the grant of the power of eminent domain to a public body desiring to utilize land for a purpose prohibited by a local zoning ordinance renders the zoning ordinance inapplicable has been applied frequently in other jurisdictions. See *State of Missouri ex rel. Askew v. Kopp and City of Raytown* (Mo. 1960), 330 S.W.2d 882; *Aviation Services v. Board of Adjustment* (N.J. 1956), 119A.2d 761; *Petition of City of Detroit* (Mich. 1944), 14 N.W.2d 140.

■■ The fact that the city's rights in the land were not actually acquired by the exercise of the right of eminent domain, but by private negotiation with the owner, does not militate against this holding. The important consideration is that the city had the right to condemn private property for the use in question and not whether the city in the particular case actually resorted to condemnation.

■■ Appellants urge that in constructing and operating a sanitary land fill, the city will be using this property for a proprietary and not a governmental function and that the property is therefore subject to zoning laws. In support of this contention appellants cite several cases involving the tort liability of a city for personal injuries or property damages sustained as a result of negligence on the part of a city in the collection, removal, or disposition of garbage. (*Gravander v. City of Chicago* (1948), 399 Ill. 381; *Schmidt v. City of Chicago* (1936), 284 Ill.App. 570; *Wasilevitsky v. City of Chicago* (1935), 280 Ill.App. 531.) In these cases, these functions are classified as proprietary in nature. The distinction between the governmental and proprietary functions of municipalities was drawn by the courts in order to impose common law liability on municipal corporations for the negligence of their agents, servants, or officers in the execution of corporate powers and duties. A limitation on the role of governmental immunity from liability for personal injuries inflicted by governmental agencies became necessary as a matter of sound public policy. The reasons of policy which accounted for the development of this distinction have little validity or application in resolving the present conflict of the powers of two public bodies. Such a conflict should be resolved, and the powers of one subordinated to those of the other, by determining which of the two has been granted superior powers, and not by applying a distinction most usually invoked in determining questions of tort liability.

■■ Of course, the governing authorities of the municipality must exercise reasonable discretion, and if it appears that they act in bad faith, or that the exercise of power exceeds the statutory grant, the courts will intervene and enjoin them. "* * * as is the case with other aspects of the eminent domain power, the courts will afford protection against any

abuse thereof"; *Vil. Schiller Park v. City of Chicago, supra,* at 282, *City of Des Plaines v. Sanitary Dist., supra,* at 14.

■■ Here, we can find no evidence that there has been an abuse of power. The property in question is a 160 acre tract in an agricultural area. There was testimony that the property is particularly well suited for a land fill because of its deep clay base, which is highly resistant to underground water pollution. The Winnebago County Zoning Ordinance recognizes sanitary land fills as a conditionally permitted use.

For convenience, on the court's motion the appeal in case No. 71-78 is consolidated with case No. 71-124 for opinion. In view of our disposition of the issues in this appeal, the question presented in case No. 71-78 (i.e. whether the ordinance was unconstitutionally applied in denying the City's petition for a conditional use permit to operate a sanitary land fill on this property), is rendered moot.

We conclude that in locating the sanitary land fill, the City of Rockford was not subject to the County Zoning Ordinance. The City was authorized, in its discretion which it exercised reasonably, to acquire the site in question for the intended purpose without making application to the county authorities for authorization to put the land to this use. Accordingly, the judgment of the Circuit Court in case 71-124 is affirmed. Case No. 71-78 is dismissed as moot.

Affirmed in No. 71-124; dismissed in No. 71-78.

MORAN, P. J., and ABRAHAMSON, J., concur.

## SUPPLEMENT TO OPINION
## UPON DENIAL OF PETITION
## FOR REHEARING

In the opinion we make the statement that the policy of governmental immunity underlying the distinction between governmental and proprietary functions has little application in resolving the present conflict of powers of two municipalities. In the petition for rehearing the appellants question this statement, and submit that we have overlooked the decision of *Baltis v. Village of Westchester* (1954), 3 Ill.2d 388, 407. There, the Supreme Court held that a municipality, acting in its proprietary capacity in the operation of a water system, had no power to disobey its own zoning ordinance. However, the Court specifically distinguished the situation in which one municipality attempts to condemn land in violation of the zoning laws of a second municipality (p. 406, 407). The case did not involve the interpretation of a statute granting the power of eminent domain, and says nothing to convince us that the proprietary-governmental distinction should be applied to the case at bar. It is im-

portant to note in this regard that neither the *Schiller Park* nor the *Des Plaines* case, *supra,* both of which we have found controlling, are based upon a governmental-proprietary distinction.

Appellants further contend that in determining the intent of the legislature, we have failed to consider the effect given to the statute by the Department of Public Health. This agency is empowered to adopt rules and regulations regarding the operational maintenance of refuse disposal sites. (Ill. Rev. Stat. 1969, ch. 111½, par. 471.) Pursuant to this legislation, the Department enacted a rule providing that, "All refuse disposal site locations shall conform to applicable State laws and county or municipal zoning laws and ordinances." The permit authorizing the City of Rockford to construct this landfill presupposed compliance with local zoning ordinances. While it is true that, in doubtful cases, the construction placed on a statute by an Administrative Agency should be given strong consideration (*People v. Fidelity and Casualty Co.* (1894), 153 Ill. 25, 39; *Chicago T. & T. Co. v. Central Republic Trust Co.* (1939,) 299 Ill.App. 483, 496), This construction is by no means binding if it appears to us to be erroneous. (*Ray Schools-Chicago-Inc. v. Cummins* (1957), 12 Ill.2d 376, 378; *C. O. Baptista Films v. Cummins* (1956), 9 Ill.2d 259, 265.) The rules of the Department of Public Health are broadly designed to deal with the regulations of all refuse disposal sites, rather than specifically drawn to deal with sites being established under this statute. It is questionable whether the Department, in applying its general rule in the case at bar, was in fact making a conscious interpretation of the statute. Even if it were, this interpretation does not overcome the precedent of the *Des Plaines* and *Schiller Park* cases, *supra.*

Rehearing denied.