(No. 46481.—

THE CITY OF DES PLAINES, Appellee, v. THE METRO-POLITAN SANITARY DISTRICT OF GREATER CHICAGO, Appellant.

*Opinion filed Sept. 27, 1974.—Rehearing denied Nov. 26, 1974.*

RYAN, J., and UNDERWOOD, C.J., dissenting.

Allen S. Lavin, of Chicago (Vincent P. Flood, James B. Murray, Michael G. Rosenberg and Robert E. Wiss, of counsel), for appellant.

Robert J. Di Leonardi, of Des Plaines, for appellee.

Frank M. Pfeifer and Thomas W. Kelty, of Springfield, for *amicus curiae* Illinois Municipal League.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, City of Des Plaines, appealed from the judgment of the circuit court of Cook County entered upon allowance of the motion of the defendant, the Metropolitan Sanitary District of Greater Chicago, to dismiss plaintiff's complaint. The appellate court reversed (16 Ill. App. 3d 23) and we allowed defendant's petition for leave to appeal.

This controversy is before us for the second time. In

1966 the defendant purchased a tract of land situated within the plaintiff city on which it proposed to construct a water-reclamation plant. A dispute arose between the parties concerning whether the defendant's use of the property was subject to plaintiff's zoning ordinance. Plaintiff filed suit for declaratory judgment and injunctive relief, and the circuit court held that the use of the land was subject to plaintiff's zoning ordinance and enjoined defendant from violating the ordinance. The appellate court affirmed (124 Ill. App. 2d 301), a certificate of importance was granted, and this court reversed (48 Ill.2d 11), holding that defendant's exercise of its power of eminent domain was not subject to plaintiff's zoning ordinance.

In this present action plaintiff seeks a declaratory judgment and injunctive relief, and with one exception its complaint contains substantially the same allegations and seeks the same relief as did the complaint in the earlier case. The difference between the complaints is that in this case plaintiff alleges:

"1. That Plaintiff is a home rule municipality under the 1970 Illinois Constitution and as such may exercise any powers and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare.

2. That the Defendant is a mere special district under the 1970 Illinois Constitution and as such may exercise only those limited governmental powers in respect to its limited governmental subject of sanitary sewage disposal as may be expressly granted to it by the General Assembly."

The circuit court, in its order of dismissal, found that the issues, parties and cause of action alleged in the complaint in this case were identical to those in the case

"adjudicated on its merits by the Supreme Court of Illinois" and "that the adoption of the Home Rule provisions under the 1970 Illinois Constitution does not grant the City of Des Plaines any additional powers respecting zoning insofar as the independent powers of The Metropolitan Sanitary District of Greater Chicago to establish its proposed sanitary sewage disposal unit."

In reversing the judgment of the circuit court the appellate court held that the 1970 Constitution had altered "the legal relationship of the parties," that the plaintiff's claim "is founded on a right not in existence at the time of the prior litigation," that "the issues advanced and the questions of law which must be decided have been significantly altered by the present Illinois Constitution" and that the doctrine of *res judicata* did not apply. 16 Ill. App. 3d at 28.

Defendant contends that the appellate court, in holding *res judicata* to be inapplicable, erred. It argues that while a change in circumstances or of law may affect a collateral estoppel it cannot affect the *res judicata* effect of a judgment. Plaintiff contends that by virtue of the change in the legal relationship between the parties effected by the home-rule provision (article VII, section 6) of the 1970 Constitution a new question of law was presented which was litigated for the first time in this case, that this action is based upon a new theory, that the issues presented are not the same and that under these circumstances the doctrine of *res judicata* does not apply.

It is apparent that the cause of action, the issues, the parties and the relief sought in this action are identical to those in the earlier case. It is equally apparent that the fact that plaintiff's power to enact a zoning ordinance now stems from section 6 of article VII of the Constitution of 1970 and not from a grant of authority by the General Assembly is irrelevant. While it is true that the dissenting opinion filed in the earlier case (48 Ill.2d 11, at 16) states that the contending municipal corporations "are equal in

status," the rationale of neither the majority nor dissenting opinion is dependent upon that fact. We hold that the adoption of the Constitution of 1970 does not render *res judicata* inapplicable to this case and the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE RYAN, dissenting:

In my opinion the doctrine of *res judicata* does not apply in this case. The previous decision of this court (48 Ill.2d 11) was rendered in a case which involved the question of the authority of the respective parties to exercise the power each possessed by virtue of statutes which were enacted under the 1870 Constitution. The decision in that case was a final adjudication of the issues then existing. Since that decision the 1970 Constitution has become effective. Under the new constitution the City of Des Plaines is a home-rule unit of local government. The authority of the City of Des Plaines to enact ordinances concerning its government and affairs now stems from section 6(a) of article VII of the 1970 Constitution and not from the statute. The issue in the previous case was whether the city in exercising authority granted by the statute would prevail over the defendant Sanitary District also exercising authority granted by statute. The issue now is whether the city exercising authority derived from the Constitution can prevail over the Sanitary District exercising authority derived from the statute. Since the statutory authority upon which the Sanitary District relies stems from a statute enacted prior to the effective date of the 1970 Constitution, we have decidedly different issues involved in this case from those that were decided in the prior case.

This court has held on several occasions that a statute enacted prior to the effective date of the 1970 Constitu-

tion cannot prevail against the authority of a home-rule unit derived from the 1970 Constitution. (*Kanellos v. County of Cook*, 53 Ill.2d 161; *People ex rel. Hanrahan v. Beck*, 54 Ill.2d 561; *Peters v. City of Springfield*, 57 Ill.2d 142.) These decisions of this court have been urged by the plaintiff as support for its position that the Sanitary District exercising authority derived from a pre-1970 Constitution statute cannot prevail against the zoning authority of a home-rule unit. The majority opinion, instead of resolving the vital issue of this case which was created by the previous decisions of this court, simply states that it is irrelevant whether the plaintiff's power to enact the zoning ordinance stems from the statute or from the home-rule section of the Constitution.

It is obvious that the issue vital to the determination of this case was not litigated nor could it have been litigated in the previous litigation between these parties. Therefore that decision will not operate as a bar to this action. (*City of Elmhurst v. Kegerreis*, 392 Ill. 195.) While the previous judgment of this court was a final adjudication as to the issues that existed at that time, it cannot be considered final as to the issue which did not then exist which has been raised in this case. Generally a change in the law brought about by statute or by judicial decision subsequent to the former adjudication destroys the controlling effect of that judgment on subsequent litigation. *C. O. Baptista Films v. Cummins*, 9 Ill.2d 259; *Hagen v. Hagen* (1965), 205 Va. 791, 139 S.E.2d 821; *Smith v. Campbell* (Ky. App. 1955), 286 S.W.2d 532; *State ex rel. McGee v. Wilson* (1949), 358 Mo. 1244, 220 S.W.2d 6; *Harper v. City Council of Augusta* (1956), 212 Ga. 605, 94 S.E.2d 690; 2 A. Freeman, Treatise of the Law of Judgments sec. 713, at 1505 (5th ed. 1925); 50 C.J.S. *Judgments* sec. 650 (1947); 46 Am. Jur. 2d *Judgments* sec. 444 (1969).

I am of the opinion that the granting of home-rule powers to the plaintiff by the 1970 Constitution and the

previous decisions of this court interpreting the effect on home-rule powers of statutes antedating the 1970 Constitution have created an issue that is essential to the decision of this case which was not and could not have been decided in the previous litigation between these parties. Therefore, the doctrine of *res judicata* is not applicable and the judgment of the appellate court should be affirmed.

MR. CHIEF JUSTICE UNDERWOOD, also dissenting:

I agree with Mr. Justice Ryan that our earlier decision (48 Ill.2d 11) is not *res judicata* as to the issues now presented.