(No. 47993.—

THE METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO, Appellant, v. THE CITY OF DES PLAINES, Appellee.

*Opinion filed March 29, 1976.—Rehearing denied May 27, 1976.*

SCHAEFER, J., took no part.
RYAN, J., and WARD, C.J., dissenting.

Allen S. Lavin, of Chicago (Vincent P. Flood, James B. Murray, and Charles W. Boyd, of counsel), for appellant.

Di Leonardi & O'Brien, Ltd., of Des Plaines (Robert S. Minetz, of counsel), for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

In a consolidated law and chancery action in the circuit court of Cook County, the City of Des Plaines, a home rule municipality, sought to enjoin the Metropolitan Sanitary District of Greater Chicago from constructing a sewage treatment plant within the City unless the District obtained a city permit and complied with a city health ordinance. The District moved to dismiss that action. The circuit court denied the motion on November 3, 1975, and the District pursued an interlocutory appeal under Rule 308 (58 Ill.2d R. 308). We allowed the District's motion to transfer the appeal to this court under Rule 302(b) (58 Ill.2d R. 302(b).)

This is the third time the controversy between these parties, dating back to 1966, has been before this court. In that year, the District purchased a tract of land within the

City on which it proposed to construct a regional sewage treatment plant. In resolving an earlier dispute this court held in 1971 that the District's exercise of its power of eminent domain was not subject to the City's zoning ordinance. (48 Ill.2d 11.) Following the effective date of the 1970 Constitution on July 1, 1971, the City filed another complaint against the District containing substantially the same allegations as the earlier complaint, but additionally alleging a changed relationship between the parties by virtue of the City's new status as a home rule municipality, with broader powers than it had previously possessed. (Ill. Const. 1970, art. VII, sec. 6(a).) This court held in 1974, however, that the earlier decision was *res judicata*. 59 Ill.2d 29.

In June, 1974, the City enacted the home rule health ordinance involved in this appeal. The ordinance required that permits be obtained from the City before any "sewage works" could be constructed or operated within the City if the sewage works was capable of causing or contributing to the emission of airborne odors or bacteria in violation of standards set forth in the ordinance. The District had already secured a permit from the Illinois Environmental Protection Agency (EPA) for the construction, operation and maintenance of its sewage treatment plant (Ill. Rev. Stat. 1973, ch. 111½, pars. 1013(a)(ii)-(iv), 1039), and therefore refused to apply for a city permit, contending that compliance with State permit requirements was sufficient. On February 28, 1975, the District filed a complaint in the circuit court of Cook County seeking declaratory relief against the ordinance. The City's complaint was filed September 15, and the two cases were consolidated. In denying the District's motion to dismiss, the circuit court ruled that the District was obliged to comply with reasonable provisions of the health ordinance which were not inconsistent with conditions imposed by the EPA.

The District asserts that environmental regulation of

sewage treatment plants is a matter of statewide concern and does not pertain to the government and affairs of a home rule unit within the meaning of section 6(a) of article VII; or, in the alternative, has been wholly preempted by the State under the Environmental Protection Act (Ill. Rev. Stat. 1973, ch. 111½, pars. 1012(c), 1012(f), 1013(a)(ii)-(iv), 1039).

We need consider only the question whether the environmental regulation of a regional sewage treatment plant, serving a large area embracing numerous home rule municipalities, pertains to the government and affairs of the City of Des Plaines within the meaning of section 6(a) of article VII. That section provides:

> "(a) *** Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt.
>
> * * *
>
> (m) Powers and functions of home rule units shall be construed liberally."

In *Ampersand, Inc. v. Finley,* (1975), 61 Ill.2d 537, this court examined in some detail the history and effect of this constitutional limitation. The opinion noted that the home rule grant was purposely left broad and imprecise, and that the ultimate construction of the qualifying phrase "pertaining to its government and affairs" was a matter for the courts. In the words of the late Professor David C. Baum, counsel to the constitutional convention's Local Government Committee, "the question is not whether the 'pertaining to . . .' language should limit the home rule grant, but rather how extensive the limitation should be." (Baum, *A Tentative Survey of Illinois Home Rule (Part I): Powers and Limitations,* 1972 U. Ill. L.F. 137, 153.) In *Ampersand,* the court invalidated a home rule county ordinance that directed the clerk of the circuit court of Cook County to collect a $2 initial

filing fee in civil cases to support a county law library. We held that the administration of justice under the judicial article of the Illinois Constitution is a State concern and does not pertain to local government and affairs. In *Cummings v. Daley* (1974), 58 Ill.2d 1, and *Paper Supply Co. v. City of Chicago* (1974), 57 Ill.2d 553, this court similarly invalidated two home rule city ordinances that attempted to determine the method of judicial review of decisions of its administrative agencies. In *Bridgman v. Korzen* (1972), 54 Ill.2d 74, a home rule county ordinance provided for the payment of real estate taxes in four installments instead of two, as required by statute. The court invalidated the ordinance, noting that the county's tax collecting function "does not pertain to its government and affairs to any greater extent than to the government and affairs of the other taxing bodies for whose benefit it acts." (54 Ill.2d 74, 78.) In *Mulligan v. Dunne* (1975), 61 Ill.2d 544, we upheld a home rule county liquor tax ordinance against the challenge that it did not pertain to local government and affairs. We noted that the framers intended the power to tax to be broad, and that the Local Government Committee had specifically included a local liquor tax as an example of a valid home rule ordinance.

Des Plaines relies on *City of Chicago v. Pollution Control Board* (1974), 59 Ill.2d 484, as authority for its environmental ordinance. But in *Carlson v. Village of Worth* (1976), 62 Ill.2d 406, a majority of this court indicated the *City of Chicago* holding was based on an erroneous interpretation of section 2(a)(iv) of the Environmental Protection Act (Ill. Rev. Stat. 1973, ch. 111½, par 1002(a)(iv)). *City of Chicago,* consequently, cannot be relied upon as precedent here.

In our judgment the present application of the Des Plaines ordinance does not pertain to its "government and affairs" within the meaning of section 6(a). The sewage treatment plant the District proposes to locate in Des Plaines would also serve six other municipalities, some of

which are themselves home rule units and all of which could become so. Our fundamental difficulty is that to permit a regional district to be regulated by a part of that region is incompatible with the purpose for which it was created. The difficulty is compounded to the extent that future developments enable other parts of the region to adopt regulations which may be inconsistent. The Local Government Committee of the constitutional convention reported, in apparent agreement, that "Control of air and water pollution, flood plains and sewage treatment are often cited as important examples of areas requiring regional or statewide standards and controls." (7 Record of Proceedings, Sixth Illinois Constitutional Convention 1642 (hereinafter cited as Proceedings).) Similar sentiment was expressed, without disagreement, during debates on the convention floor. 4 Proceedings 3094-95, 3335.

We are aware the report of the General Government Committee of the constitutional convention, discussing the public policy of the State to maintain a healthful environment, explained:

> "The use of the word 'State' is meant to include political subdivisions of the State. This raises the question of duplication of efforts by the State and its local governments. It is intended that that issue be left to the General Assembly for resolution." (6 Proceedings 698.)

And in considering the General Assembly's leadership role in addressing the pollution problem, the committee wrote:

> "There are myriad problems which must be overcome in this effort to preserve our environment. Not least among these is the problem of duplication of efforts. It is essential to the cause that the inter and intra governmental efforts complement one another, that there be a coordinated plan of action with uniform standards." (6 Proceedings 700.)

Whatever the effect of this language in other contexts, such as regulation of environmental matters of purely local concern, it cannot be read to indicate the intent of the framers that home rule municipalities have the power to

regulate regional or statewide environmental problems. Accordingly, we hold that the application of the Des Plaines ordinance to a regional sewage treatment plant is not within the grant of home rule power under section 6(a) of article VII of the 1970 Constitution.

The judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE SCHAEFER took no part in the consideration or decision of this case.

MR. JUSTICE RYAN, dissenting:

For the reasons stated in my dissent to the supplemental opinion in *Carlson v. Village of Worth,* 62 Ill.2d 406, 422-23, I believe that the ordinance of the City of Des Plaines with which we are concerned is a valid exercise of a home rule power. I believe that it is imperative that we not continue to deprive units of local government, especially home rule units, of the right to legislate in this area most essential to the health and welfare of the inhabitants and in an area where there has been for many years recognized authority of local government units to legislate.

MR. CHIEF JUSTICE WARD joins in this dissent.