THE PEOPLE ex rel. WILLIAM J. SCOTT, Attorney General, Plaintiff-Appellee, v. NORTH SHORE SANITARY DISTRICT et al., Defendants-Appellees. —THE PEOPLE ex rel. NORTH SHORE SANITARY DISTRICT et al., Defendants-Appellees and Third Party Plaintiffs-Appellees, v. THE CITY OF HIGHLAND PARK, Third Party Defendant-Appellee—(JOSEPH LICATA et al., Intervenor Third Party Defendants-Appellants and Intervenor Plaintiffs-Appellants.)

(Nos. 70-133, 70-162 cons.;

Second District—May 3, 1971.

*Rehearing denied June 14, 1971.*

Jack M. Siegel, of Chicago, for appellants.

Runyard, Behanna, Conzelman, Schultz & O'Mears, of Waukegan, (Murray R. Conzelman, of counsel,) for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

For reasons hereinafter noted two separate appeals arising from the same action have been consolidated for argument and opinion. On August 29, 1969, William J. Scott, Attorney General of the State of Illinois, commenced this action in the Circuit Court of Lake County against the North Shore Sanitary District and the individual trustees of the District. The complaint sought a restraining order against the defendant, North Shore Sanitary District, from continuing to permit untreated or raw sewage to be cast into Lake Michigan and further praying that the court order the defendants to adopt all ordinances or orders as might be necessary to cause to be constructed improvements or additions to existing facilities in the District in order to prevent untreated or raw sewage from being drained or cast into Lake Michigan or other waters of Lake County.

The North Shore Sanitary District filed its answer on September 19, 1969, which in addition to other defenses, alleged that the District had a bond issue approved by the voters in the amount of 35 million dollars to expand its facilities, and that the District had made application to the Federal Government for additional funds. The District denied that it was permitting raw or untreated sewage to be drained or cast into Lake Michigan and further alleged that the District had purchased additional property in the City of Highland Park adjacent to its plant on Clavey Road in Highland Park and has applied to the City of Highland Park for a special use permit to expand its facilities in that community.

Thereafter on February 16, 1970, the North Shore Sanitary District filed its third party complaint in *mandamus* seeking to compel the City of Highland Park to issue a special use permit authorizing expansion of the Clavey Road treatment facilities without conditions. As disclosed by the third party complaint the City of Highland Park had, subsequent to the initiation of this action, adopted an ordinance authorizing the issuance of a special use permit but attached to such authorization six conditions with which the Sanitary District was required to comply in order to expand the facilities. The third party complaint sought to have such conditions declared invalid and the issuance of such special use permit by the City of Highland Park without such conditions. On February 25, 1970, Highland Park filed its answer and motion to strike the third party complaint.

Also on February 25, 1970, certain residents of Highland Park owning and occupying property adjacent to the Clavey Road treatment plant, filed their petition seeking to intervene in the third party action commenced by the District against Highland Park. The intervenors sought leave to file a motion to strike the third party complaint and to file a two

count complaint against the City of Highland Park. The first count alleged that the issuance of any special use permit was invalid and the second count sought relief based on a declaration that the existing treatment plant was a public nuisance. Both the Sanitary District and Highland Park answered the petition for leave to intervene, generally denying what they considered to be new issues interjected into the case and denying the right of the intervenors to intervene with respect to any issues not raised by the third party complaint and the response thereto.

On March 19, 1970, the trial court granted intervenors petition to intervene in part and denied it in part. The effect of the trial court order was to permit intervention in opposition only to the issue raised by the third party complaint namely whether the conditions attached to the special use permit were valid or invalid. The intervenors were not permitted to file their proposed complaint raising general defenses that the special use permit was invalid in any event and that the treatment facility constituted a public nuisance.

The intervenors have appealed from the interlocutory order of the trial court restricting their rights of intervention in case 70-133 (Second District) pursuant to Supreme Court Rule 304. Only the propriety of the intervention order is included in this appeal although whether the order is appealable is an incidental issue.

Commencing on April 13, 1970, hearings were held on the merits of the Sanitary District's third party complaint and the opposition of Highland Park and the intervenors thereto. The result was a determination by the trial court that three of the conditions attached to the special use permit were invalid. The court ordered issuance of the special use permit including the other three conditions which it held valid. In a subsequent appeal the intervenors have in case number 70-162 (Second District) sought a review of the trial court action determining the merits of the controversy. In their second appeal the intervenors have renewed their objections to the trial court's order limiting their rights of intervention and hence all the issues raised in the initial appeal have been included in the second appeal except whether the original order is appealable. Since there is no question but that the intervenors have properly raised the issue regarding the limiting order in their subsequent appeal, the question of whether the original order is appealable is moot and will receive no further consideration.

Although all parties involved in the trial court actions have been made parties to these appeals the only parties appellants are the intervenors and the only appellee filing a brief is the North Shore Sanitary District. Since the parties to the second appeal are the same as those to the first appeal and since all of the issues of the first appeal are in-

cluded in the second appeal we have consolidated appeals for argument and opinion. After the briefs in this case were filed, the Illinois Supreme Court decided *City of Des Plaines v. Metropolitan Sanitary District of Greater Chicago,* (Ill.2d) (Docket Number 43360, filed January 25, 1971, decision became final March 31, 1971). Based on such decision the North Shore Sanitary District moved to dismiss the appeals for the reason that the issues raised by the appeals are moot. Objection in opposition to motions to dismiss the appeals were filed by the intervenors and decision thereon was taken with the case. During their oral arguments the parties argued at length both regarding the issue raised by the motion to dismiss the appeal and the merits of the issues otherwise raised on appeal.

In *City of Des Plaines v. Metropolitan Sanitary District of Greater Chicago, supra,* the City brought a declaratory judgment action against the Sanitary District in which the City sought to establish and require the Sanitary District to apply for and secure a special use permit from the City before the Sanitary District could use property owned by the District but located within the City limits for water reclamation purposes. Both the trial court and Appellate Court relying on *Heft v. Zoning Board of Appeals,* 31 Ill.2d 266, 201 N.E.2d 364, held the District was required to abide by and conform to the zoning regulations of the City of Des Plaines and therefore was required to secure a special use permit. The Supreme Court reversed and held the Sanitary District not required to conform to the City's zoning ordinances and to the extent that the *Heft v. Zoning Board of Appeals* case contained contrary pronouncements the Supreme Court declined to follow them.

The relation between the *Des Plaines* case and the issues presented on this appeal is obvious and substantial. In opposing the motion to dismiss the appeal the intervenors insist that the decision in *Des Plaines* does not justify dismissal of the appeals for any one of several reasons.

According to the intervenors the decision in the *City of Des Plaines v. Metropolitan Sanitary District of Greater Chicago, supra,* is not applicable because one, it applies only to property acquired by eminent domain, two, the Sanitary District in the case at bar submitted itself to the jurisdiction of the zoning ordinances of the City of Highland Park, three, the issue was not raised in the trial court and four, the decision recognizes the right to legal redress where there is an abuse of power by the Sanitary District.

We have considered the motion to dismiss the appeals and the objections thereto and it is our opinion the motion is well taken. Contrary to the objections of the intervenors we believe the decision in *City of Des Plaines v. Metropolitan Sanitary District of Greater Chicago, supra,* is

applicable and renders consideration of the merits of the issues raised on this appeal moot. With respect to intervenors first objection we find no support in the opinion for the conclusion that it is applicable only to property acquired by eminent domain. The opinion refers to the property involved as having been purchased and the court in buttressing its argument on the power of eminent domain is indicating that one municipality can not properly defeat the exercise of the powers of another municipality. Whether the property is acquired voluntarily or by eminent domain is not an appropriate distinction since the exercise of the power of eminent domain usually contemplates *bona fide* efforts of voluntary purchase before resort to condemnation.

In contending that the Sanitary District had submitted to the jurisdiction of Highland Park's zoning authority and that the issue of inapplicability of zoning ordinances was not raised in the trial court there is no disagreement that these are the facts. However as applied to the instant case such facts do not warrant a decision on the merits of these appeals. Even were we to apply pre-*City of Des Plaines* rules, the result could be of no benefit to intervening appellants and the decision could have no value as a precedent. If we affirmed the action of the trial court such a result would be of no benefit to appellants. Likewise if we reversed the action of the trial court for the reasons urged by appellants, again appellants could derive no benefits from such result. If the action of the trial court were to be reversed the North Shore Sanitary District would be under no obligation to continue its action against the City of Highland Park for the issuance of a special use permit. The zoning regulations of Highland Park would be inapplicable and issues relating thereto would be irrelevant.

Lastly, recognition by the court in the *Des Plaines* case that legal redress may prevent an abuse of power by the Sanitary District can have no application to the issues presented on this appeal since the only issues are the validity of an ordinance granting a special use either conditional or unconditional. Whatever remedy is contemplated by the *Des Plaines* case it does not include a determination of validity of zoning ordinances.

For the foregoing reasons the motions of the North Shore Sanitary District to dismiss the appeals are granted and the appeals are dismissed.

Appeals dismissed.

ALLOY, P. J., and SCOTT, J., concur.