(No. 45021.—)

KATHRYN O'CONNOR *et al.,* Appellants, v. THE CITY OF ROCKFORD *et al.,* Appellees.

*Opinion filed October 2, 1972.*

MAYNARD & BRASSFIELD, of Rockford (EUGENE E. BRASSFIELD, of counsel), for appellants.

WILLIAM E. COLLINS, Legal Director, and A. CURTIS WASHBURN, Assistant City Attorney, both of Rockford, for appellees.

MERKER & ADLER and EVAN A. STRAWN, of Bloomington, for *amicus curiae* Illinois Agricultural Association.

ANCEL, GLINK, DIAMOND & MURPHY, of Chicago (MARVIN J. GLINK, of counsel), for *amicus curiae* City of Naperville.

RUTHERFORD H. PLATT, of Chicago, for *amicus curiae* Open Lands Project.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

This litigation arises out of the efforts of the City of

Rockford to maintain and operate a sanitary landfill on a 160-acre tract of land in an unincorporated area of Winnebago County. The record shows that several days after the city entered into a contract to purchase the land, the plaintiffs, who are the owners of land adjacent to the proposed site, filed an action in the circuit court of Winnebago County seeking a declaratory judgment that the city, in the operation of the proposed landfill, was subject to the zoning ordinances of Winnebago County and asking that the city be enjoined from "the misappropriation of public funds *** by purchasing the described property without first obtaining proper zoning from the Winnebago County Board of Supervisors." Winnebago County was granted leave to intervene, and the circuit court, upon allowance of plaintiffs' and intervenor's motions for summary judgment, entered judgment in their favor and issued a permanent injunction enjoining the city and certain named officials "from building, operating, establishing, or in any other manner using the following described real estate as a sanitary landfill, unless and until the existing zoning regulations of the County of Winnebago and State of Illinois have been fully complied with under the applicable county zoning ordinances and state statutes." The city filed a notice of appeal, failed to perfect it, and the appeal was dismissed.

Several days after the circuit court issued the permanent injunction the city filed a petition to rezone the land for use as a sanitary landfill as a conditionally permitted use under the Winnebago County zoning ordinance. The petition was denied, and the city filed an action in the circuit court of Winnebago County for a declaratory judgment that the county zoning ordinance was unconstitutional as applied to the proposed landfill site. Plaintiffs were granted leave to intervene and after hearing evidence the circuit court entered judgment upholding the validity of the ordinance and approving the actions of the Winnebago County Zoning Board and the Winnebago

County Board of Supervisors in their denial of the city's petition. The city appealed to the appellate court.

Upon the filing of our opinion in *City of Des Plaines v. Sanitary District, 48 Ill.2d 11,* the city filed a petition to dissolve the writ of permanent injunction in the first case, and the trial court, under compulsion of *Des Plaines,* dissolved the injunction but stayed the dissolution pending appeal. Plaintiffs appealed and the appellate court affirmed the order dissolving the permanent injunction and dismissed as moot the appeal from the declaratory judgment holding the county zoning ordinance constitutional. (*O'Connor v. City of Rockford, 3 Ill.App.3d 548.*) The appellate court thereafter denied rehearing and granted a certificate of importance to this court.

Plaintiffs, contending that the judgment of the appellate court should be reversed and the order dissolving the permanent injunction vacated, argue that the decision in *Des Plaines* does not control here for the reasons that in *Des Plaines* the sanitary district was performing a governmental function while the city here is performing a proprietary function, that the sanitary district was operating within its corporate limits while the city in this case will be operating outside its corporate limits, and that the sanitary district did not submit to the zoning jurisdiction of the city of *Des Plaines* while here the city did submit to the zoning jurisdiction of Winnebago County. They argue further that consideration must be given to the fact that the permit to operate the landfill issued to the city by the Department of Public Health, in compliance with Department of Public Health Rule 2.01, provided: "This authority *** does not release the permittee from compliance with *** applicable local laws, regulations or zoning ordinances."

Open Lands Project, a private not-for-profit organization, has filed an *amicus curiae* brief urging reversal of the judgment of the appellate court. Its brief cites statistics and official publications to demonstrate the increasing

amount of solid wastes being produced in the country and the growing public concern with the environmental damage caused by its disposal. It argues that a policy of permitting a municipality to establish a sanitary landfill outside its corporate limits regardless of the zoning applicable to the location will discourage adequate planning for solid waste disposal and defeat the Federal policy of area-wide cooperation. It distinguishes the *Des Plaines* case on the ground that the sanitary district was disposing of wastes within its territorial limits and contends further that the city's rights are adequately protected by the appeal provisions of the zoning ordinance and the applicable statutes.

The Illinois Agricultural Association has also filed an *amicus curiae* brief urging reversal of the judgment. It argues that the acquisition and use of land by a city outside of its corporate limits results in disenfranchisement of the rural citizens; that section 11–19–10 of the Illinois Municipal Code (Ill.Rev.Stat. 1969, ch. 24, par. 11–19–10) does not provide sufficient standards as to the type or location of land that may be acquired for solid waste disposal and "invests the city with an arbitrary discretion"; and that as a matter of sound public policy, a municipality should not be permitted to acquire prime agricultural farm land to dispose of solid wastes when reasonable alternative methods of disposal, such as incineration, exist.

The city contends that solid waste disposal is a governmental function and that under the rationale of *Des Plaines* it may exercise the authority granted by section 11–19–10 without regard to the county zoning ordinance. The city of Naperville has filed an *amicus curiae* brief urging this court not to adopt a governmental or proprietary function doctrine in determining· whether a municipality which has acquired land outside of its corporate limits must comply with the zoning regulations of the host municipality. It argues further that "The courts

should only interfere with the exercise of statutory discretion in providing municipal service facilities upon a showing that such discretion was exercised in so patently unreasonable a manner as to indicate that the municipality has acted in bad faith."

As in *Des Plaines* this case presents a confrontation arising from apparently antipodal legislative grants of authority to the city and county. Section 11—19—10 of the Illinois Municipal Code gave the city the authority to acquire, by purchase, gift or condemnation, real property within or without its corporate limits for the purpose of providing facilities for the disposal of garbage, refuse and ashes. Section 1 of "An Act in relation to county zoning" (Ill.Rev.Stat. 1969, ch. 34, par. 3151) gave Winnebago County the authority to regulate and restrict the use of land outside of cities, villages and incorporated towns in order to promote the public health, safety, morals, comfort, general welfare and conservation of property values. Rule 2.01 adopted by the Illinois Department of Public Health, in force and effect on May 4, 1970, when the Department issued a permit to the city provided: "All refuse disposal site locations shall conform to applicable State laws and county or municipal zoning laws and ordinances." Apparently, in adopting Rule 2.01 the Department of Public Health was cognizant of our decision in *Heft v. Zoning Board of Appeals, 31 Ill.2d 266.* In that case the zoning board of appeals of Peoria County had granted a variation in use to the Greater Chillicothe Sanitary District of Peoria County to construct a sewage disposal plant in "C" residental and "E" light industrial districts, neither of which zones permitted a sewage disposal plant. The appellants, adjacent land owners, challenged the authority of the board to grant the variation and the sufficiency of the evidence supporting the order. This court rejected both of these attacks and then stated: "We come now to the contention of the Sanitary District that the statute under which it is

organized authorized it to establish a needed disposal system and that no other governmental unit can interfere with the exercise of that authority so that it need not comply with zoning regulations. We have never so held. This would result in an impossible as well as an undesirable situation. *** We are of the opinion that the Sanitary District was required to comply with the provisions of the zoning ordinance and follow its procedures in varying the use of the property from its zoned classification. This the district did. It ought not be permitted to contend that its action never was necessary in justifying the use of the area it now seeks. The zoning statutes applied even to the Sanitary District's proposed use." 31 Ill.2d 266, at 271.

In *City of Des Plaines v. Metropolitan San. Dist. of Greater Chicago, 48 Ill.2d 11,* this court, discussing the language here quoted from *Heft,* said at pages 14-15, "The court at this point had decided the issues before it so that the language in question is gratuitous. The question of whether the sanitary district should have been subject to the zoning ordinance of Peoria County was not a proper issue before the court because the district had already submitted itself to the jurisdiction of the Zoning Board of Appeals. Therefore, insofar as the language in question controverts the finding of this court, it is not controlling."

In 1963 the General Assembly enacted "An Act to prohibit open garbage dumps or sites" (Ill.Rev.Stat. 1963, ch. 111½, pars. 461-463), which did not apply to sanitary landfills (par. 461). In 1965 the General Assembly enacted "An Act in relation to the registration and regulation of refuse disposal sites and facilities and making an appropriation therefor" (Ill.Rev.Stat. 1965, ch. 111½, pars. 471-476) which gave the Department of Public Health authority to supervise the operation and maintenance of refuse disposal sites, directed it to adopt standards for the location, design, construction, sanitation, operation and maintenance of refuse disposal sites, and required that all refuse disposal sites be registered with the Department.

The rules adopted by the Department of Public Health on March 22, 1966, including Rule 2.01, were in force and effect when the Department issued the permit to the city to which we have previously referred.

In 1970 the legislature enacted the Environmental Protection Act (Ill.Rev.Stat. 1971, ch. 111½, pars. 1001-1051) which repealed "An Act to prohibit open garbage dumps or sites" and "An Act in relation to the registration and regulation of refuse and disposal sites and facilities and making appropriations therefor." Section 2(b) of this Act (par. 1002(b)) states: "It is the purpose of this Act, as more specifically described in later sections, to establish a unified, state-wide program *** to restore, protect and enhance the quality of the environment ***." In section 20 (par. 1020) the General Assembly finds "that excessive quantities of refuse and inefficient and improper methods of refuse disposal result in scenic blight, cause serious hazards to public health and safety, create public nuisances, divert land from more productive uses, depress the value of nearby property, offend the senses, and otherwise interfere with community life and development" and declares: "It is the purpose of this Title [Title V: Land Pollution and Refuse Disposal] to prevent the pollution or misuse of land, to promote the conservation of natural resources and minimize environmental damage by reducing the difficulty of disposal of wastes and encouraging and effecting the re-cycling and re-use of waste materials, and upgrading waste collection and disposal practices." Section 22 (par. 1022) provides that the Pollution Control Board established by the Act (par. 1005) may adopt regulations to promote the purposes of Title V and that "without limiting the generality of this authority, such regulations may among other things prescribe *** Standards for the location, design, construction, sanitation, operation, maintenance, and discontinuance of the operation of refuse collection and disposal sites and facilities ***." Section 21(e) (par. 1021(e)) requires a permit from the Environ-

mental Protection Agency created under the Act (par. 1004) for the location, design, operation and maintenance of a sanitary landfill, and section 39 of the Act (par. 1039) provides that the Agency may, in granting permits, "impose such conditions as may be necessary to accomplish the purposes of this Act, and as are not inconsistent with the regulations promulgated by the Board hereunder."

Section 27 (par. 1027) provides that in promulgating regulations "the Board shall take into account the existing physical conditions, the character of the area involved, including the character of surrounding land uses, zoning classifications, the nature of the existing air quality, or receiving body of water, as the case may be, and the technical feasibility and economic reasonableness of measuring or reducing the particular type of pollution."

In our opinion, to hold here that the city's use of the proposed site as a landfill may be permitted only upon issuance of a conditional use permit by Winnebago County, or that the county, by reason of its zoning ordinance may prohibit such use, contravenes the clearly expressed legislative intent that such operations be conducted only upon issuance of a permit from the Environmental Protection Agency. By the enactment of the Environmental Control Act, the General Assembly has expressly declared the need for "a unified state-wide program" and provided the means for issuance of appropriate permits under regulations promulgated after taking into account precisely the conflicting interests shown by this record.

The record shows that the order dissolving the permanent injunction was stayed, no landfill operations have been commenced at the proposed site and no pressing need for the facility is shown which would warrant action which might serve to defeat the clearly stated purposes of the Environmental Protection Act. We conclude therefore, that the judgment of the appellate court should be

reversed and the cause remanded to the circuit court of Winnebago County with directions to vacate the order dissolving the permanent injunction and to modify the order issuing the permanent injunction by deleting therefrom the following: "unless and until the existing zoning regulations of the County of Winnebago and State of Illinois have been fully complied with under the applicable county zoning ordinances and state statutes:" and substituting therefor "unless and until the said defendants shall obtain a permit granted by the Environmental Protection Agency."

*Reversed and remanded to the circuit court, with directions.*