DOTTIE'S DRESS SHOP, INC., *et al.*, Plaintiffs-Appellees, v. THE VILLAGE OF LYONS *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—98—3118

Opinion filed March 10, 2000.—Rehearing denied May 22, 2000.—Modified opinion filed May 26, 2000.

Robert K. Bush and William C. Kling, both of Ancel, Glink, Diamond, Cope & Bush, P.C., of Chicago, for appellants.

Timothy J. Touhy and James B. Zouras, both of Timothy J. Touhy & Associates, of Chicago, for appellee Dottie's Dress Shop, Inc.

Arthur E. Engelland, of Arthur E. Engelland & Associates, of Chicago, for appellees Shirley Matteo and Tom Harris.

JUSTICE GREIMAN delivered the opinion of the court:

We need not resort to the oft-repeated observation of United States Supreme Court Justice Stewart:

"I could never succeed in intelligibly [defining pornography.] But I know it when I see it ***." *Jacobellis v. Ohio*, 378 U.S. 184, 197, 12 L. Ed. 2d 793, 803-04, 84 S. Ct. 1676, 1683 (1964) (Stewart, J., concurring).

The trial court reversed the findings and orders of the Zoning Board of Appeals of the Village of Lyons (hereinafter the Board or the Village) that denied a use and occupancy permit to Dottie's Dress Shop, Inc. (hereinafter Dottie's), when Village authorities discovered that Dottie's principal items for sale were plastic replica female genitals, dildos, blow-up dolls, vibrators, nipple clamps, spiked collars, masks, whips, and an extensive inventory of condoms and riding crops and that, prior to opening the store, a sign was erected identifying the enterprise as Seka's Exotica, "Seka" being the name of a female porn star.

For the reasons expressed below, we reverse.

Dottie's applied for a business license and occupancy permit in the Village of Lyons within a B-1 zoning district in the Village and in its written application represented that its business was to be "retail clothing, apparel, accessories."

Thereafter the zoning administrator of the Village observed that a sign had been erected without a permit which did not identify the enterprise as Dottie's Dress Shop but, instead, the sign advertised "Seka's Exotica Life Style Clothing and Accessories."

Seka is apparently a well-known porno film star of the 1970s and 1980s. Thereafter, at the Village's request, the sign was removed.

Some time thereafter Dottie's requested a final occupancy inspection, and the Village zoning administrator and Village manager toured the premises and testified that on the west wall of the premises were shelves holding as many as 500 items of sexual paraphernalia.

The rear wall of the premises revealed that approximately 20 to 24 pieces of lingerie were on hangers on a single standing rack. The east wall of the premises revealed "leather goods such as spiked leashes, masks, whips, riding crops, collars, lubricants, stimulants, [and] blow-up dolls." They also encountered a counter that contained "handcuffs, massage oils, lubricants, stimulants and condoms of all shapes, sizes and colors."

It was not surprising that the zoning administrator denied the occupancy permit after concluding that the premises he had viewed were definitely not a dress shop.

The owners of Dottie's thereafter requested a reinspection of the

premises, and although the zoning administrator testified that there were more items of lingerie, the premises were not being used as a dress shop but, rather, it was being used for the sale of sexual paraphernalia.

In his testimony, the zoning administrator stated that the number of clothing items was increased to approximately 100 items; however, all of the sexual paraphernalia encountered on his first inspection remained in the store.

The Village concluded that Dottie's was not a retail clothing store and did not fall within the 93 commercial enterprises—antique shops to veterinary clinics—permitted as a matter of right in a B-1 district under the Village's ordinance.

The Village further concluded that under the Village zoning code such an enterprise could be pursued in an I-1 industrial zone after the issuance of a special use permit and that such use would be classified as an "Adult Use." The ordinance provides explicit language defining an adult bookstore, adult entertainment cabarets and adult motion picture theaters.[1] After these definitions, the ordinance provides a definition of "Adult Use" as follows:

"(4) **Adult Use.** Adult bookstores, adult motion picture theaters,

---

[1]Article IV of the Zoning Ordinance of the Village of Lyons provides as follows:

"IV. *Adult Uses*
   (A) Definitions:
      (1) **Adult Bookstore:** An establishment having as substantial or significant portion of its sales or stock in trade, books, magazines, films for rent, sale or for viewing on premises by use of motion picture devices or by coin operated means, and periodicals which are distinguished or characterized by their emphasis on matters depicting, describing or relating to 'specified sexual activities,' or 'specified anatomical areas,' or an establishment with as segment or section devoted to the sale or display of such materials; or an establishment that holds itself out to the public as a purveyor of such material based on its signage, advertising, displays, actual sales, presence of video preview or coin operated booths, exclusion of minors from the establishment's premises or any other factors showing the establishment's primary purpose is to purvey such material.
      (2) **Adult Entertainment Cabaret:** A public or private establishment which (I) features topless dancers, strippers, male or female impersonators; (ii) not infrequently features entertainers who display 'specified anatomical areas'; or (iii) features entertainers who by reason of their appearance or conduct perform in a manner which is designed primarily to appeal to the

adult entertainment cabarets, and similar uses." Village of Lyons Zoning Ordinance, art. IV (1993).

The Village's Zoning Board of Appeals denied Dottie's an occupancy permit, and appeal for administrative review was taken to the circuit court of Cook County. The circuit court reversed the Board's findings and decision denying Dottie's an occupancy permit and issued a writ of *mandamus* directing the Village to issue the occupancy permit and business license. The Village appeals, and in reversing the judgment of the circuit court, we affirm the decision of the Zoning Board of Appeals of the Village of Lyons.

The Village argues that Dottie's intended use of the premises was clearly not one of the enumerated uses set forth in the B-1 zoning classification and that a business enterprise devoted to selling sexual paraphernalia and sexual-oriented devices is properly sited in an industrial zone under the penumbra of "Adult Use."

Dottie's urges us to affirm the trial court and to find that it ought to be granted a B-1 occupancy permit because other business enterprises sell some of the items it sells and are granted such a license: Walgreen's (No. 30 under the B-1 ordinance), which sells condoms; department stores (No. 29 under the ordinance) that sell candles; toy shops (No. 88) that sell toys; or gift shops (No. 43) that

---

prurient interest of the patron or entertainers who engage in or are engaged in explicit simulation of 'specified sexual activities.'

(3) **Adult Motion Picture Theater:** A building or area used for presenting materials distinguished or characterized by an emphasis on matter depicting, describing or relating to 'specified sexual activities' or 'specified anatomical areas' for observations by patrons therein.

(4) **Adult Use:** Adult bookstores, adult motion picture theaters, adult entertainment cabarets, and similar uses.

(5) **Specified Sexual Activities:** For the purpose of this section 'specified sexual activities' means: (I) human genitals in the state of sexual stimulation or arousal; (ii) acts of human masturbation, sexual intercourse or sodomy; and (iii) fondling or other erotic touching of human genitals, pubic region, buttock or female breast.

(6) **Specified Anatomical Areas:** For the purpose of this section, 'specified anatomical areas' means:

(a) Less than completely and opaquely covered: (I) human genitals, pubic region, (ii) buttock, (iii) female breasts below a point immediately above the top of the areola; and

(b) human male genitals in a discernably turgid state, even if completely and opaquely covered." Village of Lyons Zoning Ordinance, art. IV (1993).

sell some of the items that one might expect to find at Dottie's. Even more cogent, there is no definition of what merchandise can be sold in a hobby shop (No. 47) or any limitation on what a person may consider a hobby.

■ The trial court was not free to substitute its own judgment as to the factual findings in an appeal from an administrative agency. *Heft v. Zoning Board of Appeals*, 31 Ill. 2d 266, 270-71 (1964). Generally, a court will not overturn the conclusion of an administrative agency unless that conclusion was against the manifest weight of the evidence or was arbitrary and capricious. *Greer v. Illinois Housing Development Authority*, 150 Ill. App. 3d 357, 384 (1986). Moreover, if there is competent evidence in the record that supports the Board's findings, those findings should be affirmed. *Scadron v. Zoning Board of Appeals*, 264 Ill. App. 3d 946, 949 (1994). Here the Village's zoning administrator toured the premises and testified in great detail as to the contents of Dottie's. He provided an inventory count of each area in the premises and computed the volume of items based upon the square footage of each area in the store. He meticulously described each category of merchandise and gave Dottie's due credit for the 20 or so pieces of lingerie hanging on a rack at the rear of the store.

Twenty pieces of lingerie, however, do not a dress shop make! The Board was certainly reasonable in its conclusion that Dottie's business did not fit into any of the classifications under the Village's ordinance. Dottie's is engaged in the business of selling sexual paraphernalia, and although Walgreen's may sell condoms, it is hardly in the business of selling sexual paraphernalia. A similar view is true with respect to Toys-R-Us, which sells toys, or Marshall Field's, which sells creams and lotions, or, for that matter, Jiffy Lube, which sells lubricants.

■ In this case, the Village's zoning ordinance provides 93 possible commercial endeavors that may be permitted in a B-1 district. Whatever the deficiencies of the ordinance with respect to the description of adult uses, it is clear that Dottie's does not meet the standards or requirements of a B-1 district. Generally, a zoning ordinance that specifies numerous permissible uses and was intended to be specific with respect to such uses will be construed to not permit uses that are not specified in the ordinance. *City of Chicago v. Sachs*, 1 Ill. 2d 342, 344 (1953). Accordingly, the Board exercised appropriate power in denying the issuance of a certificate of occupancy and business licence to Dottie's.

The trial court apparently based its holding on the language of the provisions of the ordinance that address adult uses and that limit "adult use" establishments to special use permits in an area zoned for industrial use. As we have previously noted, the ordinance is specific

in defining an adult bookstore, an adult entertainment cabaret and an adult movie theater, but no reference is made to nor is a definition given for a business entity primarily engaged in the sale of adult sexual paraphernalia.

Dottie's does not quarrel with the Village's right to segregate establishments that cater to adult interests, and it is clear that the Village has such power. *Entertainment Concepts, Inc. v. Maciejewski,* 631 F.2d 497, 504 (7th Cir. 1980); *Genusa v. City of Peoria,* 619 F.2d 1203, 1211 (7th Cir. 1980); *North Avenue Novelties, Inc. v. City of Chicago,* 88 F.3d 441, 445 (7th Cir. 1996); *Zebulon Enterprises, Inc. v. County of Du Page,* 146 Ill. App. 3d 515, 521 (1986).

■ Next we turn to the construction of that portion of the ordinance that addresses "Adult Uses." The trial court reflected that the provision of the ordinance appeared to be vague and that the section that defines "adult use" as "adult bookstores, adult motion picture theaters, adult entertainment cabarets and *other similar uses*" (emphasis added) (Village of Lyons Zoning Ordinance, art. IV (1993)) does not provide the necessary specificity to allow Dottie's a place within which to operate its business.

Dottie's suggests that the Village's interpretation of this phrase does not provide room for Dottie's because "it runs afoul of the doctrine of *ejusdem generis*" since, under that doctrine, in construing a statute, the word "other" relates to the items enumerated rather than to any unenumerated adult activities. Such a rendering ignores the cardinal rule of statutory construction, which requires us to examine legislation in its entirety and to determine the statute's purpose and the evil to be remedied or the benefit to be conferred. *Stewart v. Industrial Comm'n,* 115 Ill. 2d 337, 341 (1987). *American Country Insurance Co. v. Wilcoxon,* 127 Ill. 2d 230, 238 (1989).

In any event, the doctrine of *ejusdem generis* supports the Village's position. It is hardly likely that varieties of bookstores, cabarets or theaters would fall within the umbrella of "other similar uses." It is the word "adult" that is critical to our analysis where the focus is on sexual representation, sexual stimulation, sexual simulation and sexual gratification. The ordinance goes to great length to define the kind of activities that are to be segregated into the industrial zoning district. The essence of the section relating to "Adult Uses" is not the regulation of bookstores, theaters, and cabarets but, rather, the regulation of business establishments that engage in sexual representations, stimulation, simulation and gratification. Whatever the deficiencies in the drafting of the ordinance, it is not deficient in relating to the business in which Dottie's plans to engage.

We agree with the Village that any ordinary citizen reading the

whole zoning ordinance would conclude that Dottie's would be more appropriately located in an I-1 zoning district than a B-1 zoning district and that the Board's decision in this regard was reasonable. Where the power and authority of an administrative agency have been exercised in a reasonable manner, not arbitrarily and capriciously, the court should not substitute its judgment for that of the board or agency. *Murdy v. Edgar*, 103 Ill. 2d 384, 391 (1984).

Because we have determined that the Village's actions were reasonable and we are reversing the judgment of the trial court, we need not address the issue as to whether we can consider the claim of "unclean hands" in an administrative review matter, which the Village asserts for the first time on appeal.

Reversed.

THEIS, P.J., and QUINN, J., concur.